IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR270 |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN RAMON GAONA-LOZANO, | ) | PRELIMINARY ORDER |
| | ) | OF FORFEITURE |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 43). The Court has reviewed the record in this case and finds as follows:

1. Defendant has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I, II, III and IV of said Superseding Indictment. Count I charges the defendant with one count of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). Count II charges the defendant with one count of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). Count III charges the defendant with one count of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). Count IV of said Superseding Indictment charges the defendant with using $22,455.00 in United States currency seized from 6819 B Plaza, Apt, 96, on July 14, 2008; $370.00 in United States currency seized from Enrique Hurtado on July 15, 2008; $1,022.00 in United States currency seized from Juan Orozco on July 15, 2008; $4,372.00 in United States currency seized from 1924 South 17 Street on July 14, 2008; and $658.00 in United States currency seized from 1446 South 12 Street on July 14, 2008 to facilitate said controlled substance violation and/or were derived

from proceeds obtained directly or indirectly as a result of the commission of said controlled substance violation.

   2.  By virtue of said plea of guilty, the defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853.

   3.  The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.  Accordingly,

   IT IS ORDERED:

   A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

   B.  Based upon Count IV of the Superseding Indictment and the defendant's plea of guilty, the United States is hereby authorized to seize the $22,455.00 in United States currency seized from 6819 B Plaza, Apt, 96, on July 14, 2008; $370.00 in United States currency seized from Enrique Hurtado on July 15, 2008; $1,022.00 in United States currency seized from Juan Orozco on July 15, 2008; $4,372.00 in United States currency seized from 1924 South 17 Street on July 14, 2008; and $658.00 in United States currency seized from 1446 South 12 Street on July 14, 2008 .

   C.  Defendant's interest in said properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

   D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 3rd day of November, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court